IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN GLENN MILHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-1679 |
| | ) | Judge Joy Flowers Conti/ |
| MARK BENSON; ERIC MILLER; LUKE NELSON; TROY OWEN; RICHARD SALATINE; and Corporal McBRIDE, | ) | Magistrate Judge Francis X. Caiazza |
| | ) | |
| Defendants. | ) | Re ECF Nos. 32 & 35 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## RECOMMENDATION

It is respectfully recommended that the Pennsylvania State Police Defendants' partial motion to dismiss, ECF No. 32, be granted. It is further respectfully recommended that Corporal McBride's partial motion to dismiss, ECF No. 35, be granted in part and denied in part. It should be granted as to Plaintiff's Eighth Amendment claims but denied as to Plaintiff's intentional infliction of emotional distress claim. It is further recommended that the complaint be *sua sponte* dismissed without prejudice against Defendant Salatine, pursuant to Fed.R.Civ.P. 4, due to Plaintiff's failure to effectuate service upon Defendant Salatine within the time required by that Rule.

## REPORT

Darren Glenn Millhoff (Plaintiff) has filed a civil rights action against several police officers, alleging that they utilized excessive force in effectuating Plaintiff's arrest, after a car chase, and thereby violated Plaintiff's constitutional rights. The car chase was initiated by the police because Plaintiff's girlfriend had called the police to inform them that Plaintiff was driving

her car without her permission. Because the motions to dismiss reveal that Plaintiff has no Eighth Amendment claim as a pre-trial arresttee, his Eighth Amendment claims should be dismissed. In addition, because his state law claims of intentional infliction of emotional distress are barred by the State Sovereign Immunity Act, those claims should be dismissed as well as against the four Pennsylvania State Police troopers. Lastly because Plaintiff has not named any municipal entity as a defendant, Plaintiff's <u>Monell</u> municipal liability claims must be dismissed as well. If the District Court adopts this report, the only claims remaining will be Plaintiff's Fourth Amendment excessive force claims and failure to protect claims.

### A. Relevant Procedural and Factual History

Plaintiff, who at the time of instituting this civil rights action was a prisoner at the SCI-Pittsburgh, paid the full filing fee to institute this civil rights complaint. After filing a bare bones pre-printed prisoner civil rights complaint, ECF No. 1, and after the defendants filed motions to dismiss, Plaintiff filed an amended complaint, ECF No. 31, which is the operative complaint. In that operative complaint, Plaintiff named six defendants. They are: Eric Miller, a Pennsylvania State Police ("PSP") officer; Mark Benson; Troy Owen, and Luke Nelson, all of whom are also PSP officers (all four PSP officers will be referred to collectively as, "the PSP Defendants"); Richard Salatine, a Mercer County Police officer; and Corporal McBride, a Hermitage municipal police officer. Plaintiff purports to sue these six officers in both their individual and official capacities.

The operative complaint alleged the following facts: On January 6, 2008, Plaintiff and his girlfriend had a fight. Plaintiff left the house in her car. Plaintiff's girlfriend eventually called the police when Plaintiff did not return and she told the police that Plaintiff did not have

permission to use her car. As Plaintiff was driving the car, an unknown officer came up beside the car and pointed a gun at Plaintiff. In alleged fear of his life, Plaintiff sped off. A chase ensued for five miles. Two PSP officers blocked Plaintiff in and that is when PSP Benson came over to the passenger side window and shot Plaintiff three times. After the shooting, PSP Miller pulled Plaintiff out of the car using a choke hold, while the car that Plaintiff was driving was still running. Plaintiff was placed on the ground and was kicked and punched by the Defendants.

In the operative complaint, Plaintiff makes several "claims for relief" or possibly counts. His first claim for relief is denominated as an Eighth Amendment claim for the Defendants being "deliberately indifferent as they stood by watching each other kick[] and beat Plaintiff while he lay shot, bleeding, failing to take reasonable measures to abate it." ECF No. 31 at 5,[1] ¶17.

Plaintiff's "Second claim for relief" is a claim for "municipal liability" wherein he claims that the actions of Corporal McBride and Richard Salatine were caused by "policy, practice and custom" on the part of the Mercer County and the municipality of Hermitage. ECF No. 31 at 6, ¶¶ 23-24.

Plaintiff's "Third claim for relief" is a Fourth Amendment claim for official oppression. Plaintiff alleged that

> 27. The Defendant Benson['s] use of force was simply to punish the Plaintiff. The Plaintiff was boxed in and couldn't go any where. The Defendant Miller pull[ed] the Plaintiff from the car[] bleeding[,] cuff[ed] him up[,] and repeatedly struck him about the head and face and smashed his head to the ground.

---

[1] Throughout this report, the citations to specific page numbers in ECF documents are citations to the page numbers generated by ECF, because such permits the finding of the specific page easier than citation to the page number as originally provided in the document itself. We note that the Bluebook recommends otherwise. The Bluebook, A Uniform System of Citation, R. B7.1.4 at 21 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

> The Defendants Nelson, Owen, joined in, the defendant McBride and Salatine got some kicks in was well [and] they beat [Plaintiff] until he fell out.
> 28. The defendants watch[ed] the excessive force take place, each of them had a duty to intervene and stop the beating and excessive force from continuing. . . .

ECF No. 31 at 7.

Plaintiff's last claim, his "Fourth claim for relief" is a State-law claim for intentional infliction of emotional distress, alleging that the Defendants' use of force was outrageous because of the excessive force used.

By way of relief, Plaintiff seeks declaratory relief that the Defendants violated Plaintiff's Fourth Amendment rights, and compensatory and punitive damages.

The PSP Defendants, all represented by the Pennsylvania Attorney General's office, filed a partial motion to dismiss, ECF No. 32, and a brief in support, ECF No. 33, as well as a partial answer, ECF No. 34. In the PSP Defendants' brief, they note that in connection with this incident, Plaintiff pleaded *nolo contendere* in the Court of Common Pleas to four counts of aggravated assault, one count of Driving Under the Influence, one count of Unauthorized Use of a Vehicle, and one count of fleeing or attempting to elude police. The PSP Defendants correctly note that collateral estoppel is not a bar to the instant action because a plea of nolo contendere is not given collateral estoppel effect in the State Courts under State law, and hence, cannot be given collateral estoppel effect in Federal Court.[2] ECF No. 33 at 1 to 2 n.1. [3] Defendant

---

[2] Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir. 1986) ("The federal court, in determining the collateral estoppel effect [in a federal court case] of a state court proceeding, should apply the law of the state where the criminal proceeding took place"), *reh'g den.*, 793 F.3d 514 (3d Cir. 1986).

[3] However, there is no apparent bar to the use of the doctrine of judicial estoppel, which is based upon federal law. See, e.g., U.S. ex rel. Bunk v. Birkart Globistics GMBH & Co., No.

4

Corporal McBride also filed a partial motion to dismiss, ECF No. 35 and a brief in response. ECF No. 36. Plaintiff filed a response to the PSP Defendants' partial motion to dismiss, ECF no. 37, and a brief in support. ECF No. 38. Even though the Court ordered Plaintiff to file a response to Defendant McBride's partial motion to dismiss, ECF No. 39, Plaintiff never did so.

From the docket, it does not appear that Defendant Richard Salatine has ever been served in this case.

**B. Standard of Review**

Both partial motions to dismiss were filed pursuant to Fed.R.Civ.P. 12(b)(6). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must the

---

1:02cv1168, 2010 WL 4688977 (E.D.Va., Nov. 10, 2010) (applying judicial estoppel to plea of *nolo contendere*); Cole v. Mistick, No. 05-1476, 2009 WL 1160962, at *9 (W.D.Pa., April 28, 2009) ("'[J]udicial estoppel is a matter of federal law, not state law,' unlike the applicability of collateral estoppel doctrine herein which is governed by Pennsylvania law."). If Defendants intend to rely upon the doctrine of judicial estoppel in any motions for summary judgment, they should supply the court with the charging documents, the plea colloquy transcript, and any written plea agreement.

5

Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In addition, because Plaintiff was, at the time of the filing of this civil action,[4] a prisoner

6

and because he named governmental entities or employees thereof as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply herein. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), *aff'd*, 264 F.App'x 183 (3d Cir. 2008).

### C. DISCUSSION

Both the PSP Defendants and Defendant McBride move to dismiss Plaintiff's "First claim for Relief," namely, his Eighth Amendment claim. They point out that Plaintiff, as an arrestee at the time of the events giving rise to this suit, fails to state a claim upon which relief can be granted under the Eighth Amendment. ECF No. 33 at 4 to 6; ECF No. 36 at 6 to 7. The Defendants are correct. As the Court of Appeals has explained: "the Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'" Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) (quoting Graham v. Connor, 490 U.S. 386, 392 n. 6 (1989)). Plaintiff offers nothing in his response which would render this rule inapplicable to this case. Hence, Plaintiff's Eighth Amendment claims should be dismissed for failure to state a

---

[4] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

claim upon which relief can be granted.

Next, Defendant McBride moves to dismiss Plaintiff's second claim for relief, namely Plaintiff's claim for municipal liability. Officer McBride points out that Plaintiff failed to name any municipal parties as Defendants, and inferentially, failed to effectuate service as to any municipal entity. This alone would justify dismissal of the municipal claims against McBride's employing municipality, Hermitage.

Even if we granted Plaintiff leave to amend the caption of the complaint to name municipal defendants and, even if he were to effectuate service upon such entities, notwithstanding the fact that the statute of limitations had long ago run, Plaintiff's claims against any municipality would still be subject to dismissal because Plaintiff's complaint fails to allege any sufficient facts against a municipal defendant so as to survive the motion to dismiss. As the Court stated in a similar context:

> Plaintiff's recitation of the elements of a *Monell* claim falls well below this standard. His complaint does nothing more than recite the standard for municipal liability under § 1983 . . . . [a] bare conclusory allegation does not meet the pleading standards of Rule 8 in order to survive a motion to dismiss under Rule 12(b)(6). *Twombly*, 550 U.S. at ----, 127 S.Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Plaintiff has not alleged facts to support the existence of a policy or custom that resulted in his alleged denial of his constitutional rights, nor has he identified either a municipal agent with the authority to create such a policy or evidence that such an agent knew of the policy's unconstitutional consequences. For this reason, Plaintiff's *Monell* claim . . . should be dismissed.

Book v. Merski, No. 08-83 Erie. 2009 WL 890469, at *6 (W.D.Pa., March 31, 2009). Because Plaintiff's potential Monell claim similarly amounted to nothing more than a formulaic recitation

of the elements of a cause of action, his potential Monell municipal liability claim should be dismissed.

Next, the PSP Defendants move to dismiss Plaintiff's "Fourth claim for relief" which arises from State law, namely, the claim for intentional infliction of emotional distress. The PSP Defendants point out that they are entitled to the protections of the statutory Sovereign Immunity Act provisions, 42 Pa.C.S.A. § 8522.

A claim involving an intentional tort performed by a "Commonwealth party" which the PSP Defendants are,[5] does not fall within any of the exceptions to sovereign immunity.[6] Faust v. Department of Revenue, 592 A.2d 835 (Pa.Cmwlth. 1991), *allocatur den.*, 530 Pa. 647, 607 A.2d 257 (1992). Because each of the four PSP Defendants constitute a "commonwealth party" who is immune from suit unless an exception applies and because the State tort law claim of intentional infliction of emotional distress constitutes an intentional tort and there is no exception to immunity for intentional torts, Plaintiff fails to state a claim upon which relief can be granted

---

[5] See Pennsylvania State Troopers Ass'n v. Pennsylvania, NO. 1:06-CV-1079, 2007 WL 853958, at *4 (M.D.Pa., March 20, 2007) ("The State Police, as a Commonwealth party, enjoys sovereign immunity."), *order amended on reconsideration by*, 2007 WL 1276914 (M.D.Pa. May 1, 2007).

[6] This is because the state statute, waiving sovereign immunity only waives sovereign immunity for negligent torts, not for intentional torts. The statute provides in relevant part:

> The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of **a negligent act** where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa.C.S.A. § 8522(a)(emphasis added).

as to the PSP Defendants. See, e.g., McGrath v. Johnson, 67 F.Supp.2d 499, 511 (E.D.Pa. 1999) ("In addition, Commonwealth employees are immune from liability even for intentional torts."), aff'd, 35 F.App'x 357 (3d Cir. 2002). Hence, the intentional infliction of emotional distress claim must be dismissed as to the four PSP Defendants.

The court does not recommend dismissal of the intentional infliction of emotional distress claim against Defendant McBride as Defendant McBride has not shown that the complaint fails to state such a claim against him. The operative complaint alleges that Defendant McBride kicked Plaintiff unnecessarily, after Plaintiff was shot and handcuffed and placed on the ground and that Defendant McBride also failed to intervene so as to prevent the others from engaging in excessive force. This is sufficient at this stage to state a claim under the tort of intentional infliction of emotional distress. See, e.g.., Kessler v. Monsour, 865 F.Supp. 234, 241 (M.D.Pa. 1994) ("The elements of a cause of action for intentional infliction of emotional distress as set forth in Restatement (2d) of Torts § 46 are: (1) extreme and outrageous conduct; (2) intentional or reckless conduct; (3) the conduct must cause emotional distress; and (4) the distress must be severe.").

The PSP Defendants also move to dismiss any claims against them in their official capacities. ECF No. 33 at 8 to 9. They explain that a suit against an official in his/her official capacity is actually a suit against the entity by which the official is employed and that the Eleventh Amendment bars suits against the Commonwealth of Pennsylvania, the employer of the PSP Defendants. The PSP Defendants are correct. M.C. v. Pavlovich, No. 4:07-cv- 2060, 2008 WL 2944886 at *4 (M.D.Pa. July 25, 2008) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. [A]

judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents, and the government entity is the real party in interest in an official capacity suit")(citations and some internal quotations omitted); Winston v. Bauer, No. 1:09-cv-224, 2010 WL 3811314 at *2 n.3 (W.D.Pa., Sept. 21, 2010) ("To the extent Plaintiff is attempting to sue Lindsey in his official capacity, he has failed to state a viable claim because state troopers, in their official capacities, are not 'persons' subject to § 1983 liability and would be protected by Eleventh Amendment immunity."). Accordingly, all official capacity claims against the PSP Defendants should be dismissed.

Lastly, pursuant to Fed.R.Civ.P. 4, it is respectfully recommended that the complaint be dismissed without prejudice as against Defendant Salatine because Plaintiff has not effectuated service of the complaint upon Defendant Salatine within the time provided for therein.

**CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Civil Rule 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall file their response within 14 days after service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

             s/Francis X. Caiazza
             Francis X. Caiazza
             U.S. Magistrate Judge

Dated:

cc:  The Honorable Joy Flowers Conti
    United States District Judge

Darren Glenn Millhoff
HQ1282
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654

All counsel of record by CM-ECF